UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>                              Plaintiff,<br>v.<br>MR LUXORY MOTOR INC,<br><br>                            Defendant.<br>AND RELATED COUNTERCLAIM. | Case No.: 21-cv-01149-L-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Local Rule 16.1(d), a Case Management Conference was held on **September 15, 2021**. After consulting with the counsel of record for the parties, being advised of the status of the case, and for good cause shown, **IT IS HEREBY ORDERED**:

    1.    The parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures (CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.

///

///

### Pleadings

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **December 1, 2021**.

### Discovery

3. All fact discovery shall be completed by all parties no later than **April 15, 2022**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,[1] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** Counsel shall make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the Chambers Rules. **A failure to comply in this regard will result in waiver. Absent an order of the court, no stipulation to alter or extend the time to comply with this provision will be recognized by the court.**

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

4. No later than **February 18, 2022**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

shall be no later than **March 18, 2022**.  The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

5. No later than **February 18, 2022**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial.  In addition, the court may impose sanctions as permitted by Rule 37(c).**

6. No later than **March 18, 2022**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

7. All expert discovery shall be completed by all parties no later than **April 15, 2022**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with the above paragraphs or any discovery order of the Court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

## Motion Briefing

9. Except for motions *in limine*, all pretrial motions must be filed no later than **May 13, 2022**.  As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

10. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make a timely request for a motion date may result in the motion not being heard.

11. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

12. A Mandatory Settlement Conference shall be conducted on **June 15, 2022** at **1:45 PM** in the chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. No later than **June 6, 2022**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

13. No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

### Final Pretrial Conference

14. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

15. No later than **August 12, 2022**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

16. No later than **August 19, 2022**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

17. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **August 26, 2022**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must

communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

18. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **September 2, 2022**, and shall comply with Local Rule 16.1(f)(6).

19. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **September 12, 2022** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

### Additional Provisions

20. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

21. The dates and times set forth herein will not be modified except for good cause shown.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 16, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge