UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MR LUXORY MOTOR, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 3:21-cv-1149-L-JLB<br><br>**ORDER ON MOTION TO DISMISS COUNTERCLAIM** |

Pending before the Court is Counter-Defendant Hallmark Specialty Insurance Company's ("Hallmark") motion to dismiss the counterclaim. Counter-Claimant Mr. Luxory Motor, Inc. ("MLM") opposed, and Hallmark replied. The Court decides the matter on the papers submitted without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

*Background*

This action relates to an insurance coverage dispute. MLM, a car dealership, alleges it had an insurable interest in a vehicle that was wrecked during a test drive. It asserts Hallmark, the insurer, failed to pay the amount required under their insurance policy.

MLM's counterclaim against Hallmark asserts several claims: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) declaratory relief, (4) fraud, and (5) unfair competition law.

1

*Legal Standard*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

*Discussion*

To state a breach of contract claim, MLM must plead: (1) an insurance contract; (2) their performance or excuse for nonperformance; (3) Hallmark's breach; and (4) resulting damages. *See San Diego Hous. Com v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 536 (1998).

There is no dispute as to the first, second, or fourth element. But there are no factual allegations to support the third. MLM did not attach the insurance policy as an exhibit or plead the provisions Hallmark is alleged to have breached.[1] The counterclaim contains only vague and conclusory allegations as to the insurance policy. (Counterclaim at ¶ 11) ("the damage is covered by the coverage specified in the [insurance] policy.")[2] That does not meet the pleading standard. *Iqbal*, 556 U.S. at 677-78. For this reason, the

---

[1] The Court does not consider any new allegation in the Opposition. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations contained in an opposition are irrelevant for Rule 12(b)(6) purposes, and a court may not consider them). Although Hallmark relied on an exhibit from its complaint to support its motion to dismiss, MLM disputes that is the insurance agreement. (*See* ECF 9, Opposition at 4, n.1).

[2] While there is no requirement that MLM attach the insurance agreement as an exhibit to the counterclaim, it might provide factual support for the claims.

Court **DISMISSES** causes of action one through three (breach of contract, implied covenant of good faith and fair dealing, and declaratory relief claims).[3]

MLM also asserts a fraud claim against Hallmark. Under California law, MLM must plead: (1) misrepresentation of a material fact, (2) with knowledge of its falsity, (3) with intent to defraud, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal.4th 631, 638 (1996).

The claim is based on Hallmark's alleged failure to disclose its non-admitted status (*i.e.*, that it is not state registered). (Counterclaim at ¶ 73) (Hallmark "concealed from [MLM] [its] non-admitted insurer status.") Even accepting that as true, MLM fails to allege any facts to show materiality, intent, its reliance on Hallmark's purported registrant status, or damages resulting from the alleged misrepresentation. MLM also fails to set forth the requisite specificity required under the Federal Rules. *See* Fed. R. Civ. P. 9(b); *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) ("while statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") For these reasons, the Court **DISMISSES** the fraud claim.

MLM also asserts a claim under Business and Professions Code section 17200 (Unfair Competition Law) against Hallmark. The claim is based on the above conduct. (Counterclaim at ¶ 88) (Hallmark's "bad faith insurance practices set forth above constituted unlawful, unfair, and fraudulent business acts and practices.") Based on the above ruling, the Court **DISMISSES** the unfair competition law claim.

---

[3] MLM's request for declaratory relief might also be superfluous due to its breach of contract claim and Hallmark's complaint. *See, e.g., United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.")

Because MLM might cure the above deficiencies if given leave to amend, the Court **GRANTS** its request. *See* Fed. R. Civ. P. 15; *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

*Conclusion*

For the reasons stated above, the Court **GRANTS** Hallmark's motion. MLM's counterclaim is **DISMISSED** with **LEAVE TO AMEND**. MLM has until **January 10, 2022**, to file an amended counterclaim.

**IT IS SO ORDERED**.

Dated: December 23, 2021

Hon. M. James Lorenz
United States District Judge