UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>v.<br><br>MR LUXORY MOTOR, INC.,<br><br>                              Defendant. | Case No.:  3:21-cv-1149-L-JLB<br><br>**ORDER ON MOTION TO DISMISS AMENDED COUNTERCLAIM** |

Pending before the Court is Counter-Defendant Hallmark Specialty Insurance Company's ("Hallmark") motion to dismiss the amended counterclaim. Counter-Claimant Mr. Luxory Motor, Inc. ("MLM") opposed, and Hallmark replied. The Court decides the matter without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** the motion.

**Background**

This action relates to an insurance coverage dispute. MLM, a car dealership, alleges it had an insurable interest in a vehicle that was wrecked during a test drive. It asserts Hallmark, the insurer, failed to pay the amount required under the insurance policy.

MLM's amended counterclaim against Hallmark asserts several causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) declaratory relief, and (4) unfair competition law.[1]

MLM's Ferrari was totaled while on a test drive. MLM submitted a claim. Hallmark paid $65,000, the amount it contended was owed under the insurance policy. MLM asserts it is entitled to $250,000, the amount listed for collision damage under the policy.

## Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## Discussion

### Breach of Contract

To state a breach of contract claim, MLM must plead: (1) an insurance contract; (2) their performance or excuse for nonperformance; (3) Hallmark's breach; and (4) resulting damages. *See San Diego Hous. Com v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 536 (1998).

---

[1] MLM declined to reallege its fraud cause of action contained in the original counterclaim.

Hallmark argues MLM failed to plausibly allege it breached the insurance agreement.[2] After MLM submitted its claim, Hallmark paid them $65,000, relying on the provisions related to physical damage per automobile occurring at the car dealership, other locations, or "in-transit." MLM contends it is owed $250,000, citing the coverage for damages sustained in collisions (*e.g.*, car accidents). Based on the factual allegations and reasonable inferences from those allegations, MLM has set forth a plausible claim.[3] The Court therefore **denies** the motion as to the breach of contract claim. For the same reasons, MLM's declaratory relief claim as to the amount owed for the vehicle damage may move forward.

### Bad Faith Insurance Claim

"The law implies in every contract, including insurance policies, a covenant of good faith and fair dealing." *Maslo v. Ameriprise Auto & Home Ins.*, 227 Cal. App. 4th 626, 633 (2014). MLM argues Hallmark acted in bad faith when it paid only $65,000 for the claim. The policy limits coverage to $65,000 for several events, including when physical damage to an automobile occurs at locations other than the dealership or "in-transit." The provision MLM relies on to support its claim – stating collision coverage is covered up to $250,000 – appears related to damage sustained at the dealership (referred in the policy as Location 1). The crash occurred while on a test drive. Given all the factual allegations, MLM fails to set forth a plausible claim that Hallmark's interpretation – that the policy only covers $65,000 of the claimed loss – is unreasonable or without proper cause. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) ("in order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld and (2) the reason for withholding benefits was unreasonable or without proper cause."); *State Farm Fire & Cas. Co. v. Sup. Ct.*, 45 Cal. App. 4th 1093, 1105 (1996); *Chateau Chamberay*

---

[2] There is no dispute at this stage as to the first, second, or fourth element.
[3] The issues under this claim mirror Hallmark's declaratory relief claim.

*Homeowners Ass'n v. Associated Internat. Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001) ("an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract.") The Court cannot "conceive of facts" that would render the claims viable. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (dismissal without leave is appropriate if the court "determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citation omitted); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). For these reasons, the Court **grants** the motion as to Hallmark's coverage determination, **without leave**.

      MLM argues Hallmark's failure to disclose its non-admitted status (*i.e.*, that it is not state registered) supports a bad faith claim. But MLM fails to explain how Hallmark's allege failure to disclose that information interfered with MLM's ability to receive benefits under the insurance policy. Likewise, MLM fails to set forth a theory of damages as to the non-disclosure. The Court cannot "conceive of facts" that would render the claims viable. *Balistreri,* 901 F.2d at 701; *Lopez*, 203 F.3d at 1130; *Cervantes*, 656 F.3d at 1041. The Court thus **grants** the motion as to the non-admitted status, **without leave**.

      MLM also asserts a claim based on Hallmark's alleged delayed payment. Hallmark contends after it received information from MLM about the crash, it "promptly" paid the claim. On May 5, 2021, MLM submitted the requested information. On May 17, 2021, Hallmark determined it was obligated to pay $65,000 under the insurance policy. Yet, Hallmark did not pay MLM until June 22, 2021, over 30 days later (and the same day it initiated this action). It is reasonable to infer from the factual allegations that Hallmark had no good cause to delay the payment. *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1210 (2009) ("if the insurer 'without proper cause' (*i.e.*, unreasonably) refuses to timely pay what is due under the contract, its conduct is actionable as a tort.") The Court therefore **denies** the motion as to the delayed payment.

### *Unfair Competition Law*

MLM asserts an Unfair Competition Law claim against Hallmark. The claim relies on Hallmark's alleged failure to disclose its non-admitted insurer status (*i.e.*, that it is not state registered). But MLM failed to plead factual allegations about any damages it sustained due to that omission. Cal. Bus. & Prof. Code § 17204; *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 854 (2008). The Court cited this pleading deficiency in its prior dismissal order. (ECF No. 31 at 3). Again, MLM's conclusory allegations are insufficient. (*See* Amend. Counterclaim at ¶ 133); *Iqbal*, 556 U.S. at 677-78. MLM also fails to allege any damages resulting from the late payment. The Court cannot "conceive of facts" that would render the claims viable. *Balistreri*, 901 F.2d at 701; *Lopez*, 203 F.3d at 1130; *Cervantes*, 656 F.3d at 1041. For these reasons, the Court **dismisses** the UCL claim, **without leave**.

### *Potential Claims Related to Third Parties*

Throughout the amended counterclaim, MLM refers to individuals injured in the car accident, Marvin Razuki and Noel Basaka. MLM also references the City of San Diego and alleged damage to public property that occurred at the accident site. However, there are no separate claims related to these third parties (prompting Hallmark to move to strike the allegations about the individuals). Regardless, the allegations amount to mere speculation about the rights at issue or rely on hypothetical disputes. The Court therefore lacks subject matter jurisdiction over those claims (if any). *See, e.g., Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991) (jurisdiction to provide declaratory relief of rights requires actual controversy, not a speculative or hypothetical fact pattern); *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1153 (9th Cir. 2017); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur."); *Texas v. United States*, 523 U.S. 296, 300 (1998). For that reason, the Court **dismisses** the claims, **without prejudice**.

*Motion to Strike*

Hallmark moves to strike the allegations related to the third parties, Marvin Razuki and Noel Basaka. Under Federal Rule of Civil Procedure 12, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." There is nothing to suggest the allegations will require Hallmark to expend more time or resources. Likewise, the allegations will not complicate trial or delay resolution of this action. The Court therefore **denies** Hallmark's motion to strike as to those allegations. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (the purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (internal quotation marks and citation omitted).

Hallmark also moves to strike MLM's request for punitive damages. Under Federal Rule of Civil Procedure 9, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The allegations in the amended counterclaim are sufficient. The Court therefore **denies** the motion to strike as to punitive damages.

### Conclusion

For the reasons stated above, the Court **grants in part** and **denies in part** Hallmark's motion to dismiss, **without leave to amend**. The Court also **denies** Hallmark's motion to strike.

**IT IS SO ORDERED**.

Dated:  May 26, 2022

*[signature]*
Hon. M. James Lorenz
United States District Judge